## J. C. VERTREES v. WM. HICKS.

GARNISHMENT. *Case in judgment.* A garnishee stated, in answer to a garnishment, that he owed plaintiff's debtor $300, but was informed a bill had been filed to compel him to pay this sum and more, on a lien on property sold him by said debtor. The Justice rendered judgment against him for the amount. Afterwards, the garnishee was held liable for $840 in the proceedings under the bill. An injunction granted against him before he was garnished was not served until some days after.

*Held,* That the answer of the garnishee did not justify the rendition of judgment against him.

FROM MACON.

Appeal from the Circuit Court. SAM. M. FITE, Judge.

WILSON & VERTREES C. H. HEAD for Vertrees.

J. J. TURNER and GEO. E. SEAY for Hicks.

DEADERICK, J., delivered the opinion of the Court.

Plaintiff obtained a judgment before a Justice of the Peace of Macon County against defendant, as garnishee. Defendant removed the cause by *certiorari* to the Circuit Court. Upon his examination in Court he stated that he said before the Justice that he owed plaintiff's debtor, Montgomery, $300, but that he was informed a bill was filed to compel him to pay this sum and more,

on the ground of a lien on the property sold him by Montgomery, and that the magistrate and plaintiff both assured him he was not to be held liable if the lien should be maintained; but that a conditional judgment only should be entered against him.   The magistrate, however, rendered an unconditional judgment.   No statement was signed by the garnishee before the Justice.   On his examination in Court the same statement was made substantially, and it further appeared that the garnishee was held liable for $840, upon the bill in Chancery, on which a fiat for injunction was granted against him two days before he was garnished, but not served until some days after.

Neither before the magistrate nor the Court did Hicks answer in such manner as to authorize the rendition of a judgment against him.   The Circuit Judge discharged him at the cost of plaintiff, and we affirm his judgment.